# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-3656

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Bautista-Rubio

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 25, 2015
Filed: October 30, 2015
[Unpublished]

_____

Before RILEY, Chief Judge, BRIGHT and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Appellant-defendant Juan Bautista-Rubio (Bautista-Rubio) pled not guilty to a charge of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). At the close of the government's case, Bautista-Rubio moved for judgment of acquittal, arguing insufficient evidence to prove Bautista-Rubio knowingly used the

identification of an actual person. The district court[1] denied the motion and the renewed motion at the close of evidence. The jury found Bautista-Rubio guilty of aggravated identity theft. Bautista-Rubio appeals arguing insufficient evidence to sustain the jury's verdict. We affirm.

## I. BACKGROUND

In April 2014, police arrested Bautista-Rubio on a charge unrelated to this appeal. Three days later, Bautista-Rubio was taken into custody by Immigration and Customs Enforcement (ICE). At the time ICE took Bautista-Rubio into custody, Bautista-Rubio possessed a business card from the company Premiere Casting Services (PCS) with the name "Roel Pena" and a debit card in the name of "Roel Pena." When questioned, Bautista-Rubio gave ICE his true name.

ICE investigated the business card by contacting PCS. PCS gave ICE two I-9 forms from April 2012 and December 2013 with the name, date of birth, and social security number of "Roel Pena." PCS also informed an agent that, in April 2012, Bautista-Rubio presented a permanent resident card and a social security card, both in the name of "Roel Pena."

Continuing its investigation, ICE determined Roel Pena is an actual person, obtaining both Roel Pena's Texas birth certificate and social security card. From fingerprints on file with ICE, ICE determined Bautista-Rubio is not Roel Pena.

Bautista-Rubio speaks fluent Spanish, but does not speak English. After ICE took Bautista-Rubio into custody, Bautista-Rubio signed a waiver of his rights—which was written in Spanish. Agent Michael Fischels (Agent Fischels) then

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

interviewed Bautista-Rubio in Spanish.[2]  During the interview, Bautista-Rubio: disclosed that he worked at PCS; admitted to filling out I-9 forms with the name, date of birth, and social security number of "Roel Pena"; acknowledged purchasing the "Roel Pena" documents from a friend; admitted he told his friend he needed a "real" social security number; and told Agent Fischels he believed "Roel Pena" was an actual person.

Bautista-Rubio was charged, as relevant here, with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  At the close of the government's case, Bautista-Rubio moved for judgment of acquittal, arguing the government failed to prove Bautista-Rubio knew "Roel Pena" was an actual person because Agent Fischels did not have adequate Spanish proficiency.  The district court denied the motion and the renewed motion at the close of evidence.  The jury returned a verdict of guilty and the district court sentenced Bautista-Rubio to 27 months' (2¼ years') imprisonment, 3 years' supervised release, and a $300 special assessment.  Bautista-Rubio appeals, arguing there was insufficient evidence to sustain the jury's verdict.

## II.  DISCUSSION

The sole issue on appeal is whether the government submitted sufficient evidence that Bautista-Rubio committed aggravated identity theft to support the conviction.  A review of the record substantiates the jury trial conviction.

---

[2]At trial, the government presented extensive evidence regarding Agent Fischels' Spanish proficiency.  Agent Fischels' Spanish background includes: (1) four years of Spanish instruction in high school; (2) minor in Spanish during college; (3) five-month Spanish training program with U.S. Border Patrol; (4) use of Spanish on a daily basis for three years; (5) obtaining a "bonus" score on a Spanish language test from 2007 through 2011; and (6) failure to get a "bonus" score on a Spanish language test in 2012.

We review "de novo the sufficiency of the evidence to sustain a conviction." United States v. Wiest, 596 F.3d 906, 910 (8th Cir. 2010). We view the evidence in the light most favorable to the verdict, "giving it the benefit of all reasonable inferences." Id. We only reverse when "no reasonable jury could find all the elements beyond a reasonable doubt." United States v. Aldridge, 664 F.3d 705, 715 (8th Cir. 2011). "The jury has the sole responsibility to resolve conflicts or contradictions in testimony, and credibility determinations are resolved in favor of the verdict." Id.

In order to convict Bautista-Rubio of aggravated identity theft under 18 U.S.C. § 1028A(a)(1), the government needed to prove Bautista-Rubio "knowingly transfer[ed], possesse[d], or use[d], without lawful authority, a means of identification of another person." (Emphasis added). Bautista-Rubio claims the government failed to prove Bautista-Rubio knew "Roel Pena" was an actual person because the only evidence on this element was the testimony of Agent Fischels who was, allegedly, not proficient in Spanish.

At trial, Agent Fischels provided extensive testimony regarding his proficiency in Spanish. Agent Fischels also testified that Bautista-Rubio admitted to telling his friend he needed a "real" social security number and that Bautista-Rubio believed "Roel Pena" was an actual person. Bautista-Rubio cross-examined Agent Fischels regarding his Spanish proficiency, relying primarily on Agent Fischels' failure to receive a "bonus" score on a Spanish test in 2012. The conflicting testimony about whether the Spanish test for "bonus" compensation equated to Spanish proficiency was an issue to be weighed by the jury. Aldridge, 664 F.3d at 715 ("The jury has the sole responsibility to resolve conflicts or contradictions in testimony."). Therefore, viewing the facts in the light most favorable to the verdict, sufficient evidence supported Bautista-Rubio's conviction. We AFFIRM.

_____